IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO NORIGA,<br><br>   Plaintiff,<br><br> vs.<br><br>DR. AHMED, et al.,<br><br>   Defendants. | No. C 12-00889 EJD (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

  Plaintiff, a California inmate currently incarcerated at the Correctional Training Facility ("CTF") in Soledad, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against prison medical officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A. Standard of Review**

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that CTF medical officials have failed to adequately treat the serious injuries he sustained while playing footbal. (Compl. at 3.) Plaintiff claims that Defendants Dr. Ahmed, his primary care physician, and Dr. J. Chudy, the chief medical officer at CTF, acted with deliberate indifference to his medical needs. Plaintiff claims that although his appeal remains pending, his circumstances warrant exemption at this time. Liberally construed, Plaintiff's claims are cognizable under § 1983 as a violation of the Eighth Amendment's proscription against deliberate indifference to serious medical needs.

Plaintiff names as defendant "R.N. 'Jerkey' (John Doe)" in his complaint. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, Defendant Nurse Doe is DISMISSED from this action. If through discovery Plaintiff is able to identify the unknown defendant, he may then motion the

Order of Service; Directing Ds to file Disp. Motion
G:\PRO-SE\SJ.EJD\CR.12\00889Noriga_svc.wpd

2

1 Court for leave to amend to name the intended defendant and to issue summons upon
2 him.  See Gillespie, 629 F.2d at 642; Barsten v. Dep't of the Interior, 896 F.2d 422,
3 423-24 (9th Cir. 1990).

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Dr. Ahmed** and **Chief Medical Officer J. Chudy** at the **Correctional Training Facility in Soledad**, (P.O. Box 689, Soledad, CA 96960-0689).

Defendant Nurse John Doe is DISMISSED from this action without prejudice. The Clerk shall terminate this defendant from this action.

The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this Order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

2. Each Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **fifty-six (56) days** from the day on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of

service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **fifty-six (56) days** from the date on which the request for waiver was sent or **twenty-one (21) days** from the date the waiver form is filed, whichever is later.

    3. No later than **fifty-six (56) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above, or, within such time, notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion.

        a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

        b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

    4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

        a. In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Service; Directing Ds to file Disp. Motion
G:\PRO-SE\SJ.EJD\CR.12\00889Noriga_svc.wpd

4

Case 3:12-cv-00889-WHO   Document 3   Filed 06/27/12   Page 5 of 7

The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.   In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiff:

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

1   5.   Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after
2   Plaintiff's opposition is filed.
3   6.   The motion shall be deemed submitted as of the date the reply brief is due.
4   No hearing will be held on the motion unless the Court so orders at a later date.
5   7.   All communications by the Plaintiff with the Court must be served on
6   Defendants, or Defendants' counsel once counsel has been designated, by mailing a true
7   copy of the document to Defendants or Defendants' counsel.
8   8.   Discovery may be taken in accordance with the Federal Rules of Civil
9   Procedure.  No further Court order is required before the parties may conduct discovery.
10  9.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
11  Court informed of any change of address and must comply with the Court's orders in a
12  timely fashion.  Failure to do so may result in the dismissal of this action for failure to
13  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED: 6/27/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JULIO NORIGA,

        Plaintiff,

  v.

DR. AHMED, et al.,

        Defendants.

Case Number: CV12-00889 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  6/27/2012 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Julio Noriga G25708
CTF State Prison
P. O. Box 705
Soledad, CA 93960

Dated:  6/27/2021

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk