UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO NORIGA,<br><br>   Plaintiff,<br><br>  v.<br><br>DRS. AHMED and J. CHUDY,<br><br>   Defendants. | Case No. 12-0889 WHO (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Defendants move for summary judgment. Plaintiff has not filed an opposition. For the reasons stated herein, defendants' motion is GRANTED as to all claims against all defendants.

## DISCUSSION

**I. Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may

1   affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
2   (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a
3   reasonable jury to return a verdict for the nonmoving party. *See id.* The moving party for
4   summary judgment bears the initial burden of identifying those portions of the pleadings,
5   discovery and affidavits which demonstrate the absence of a genuine issue of material fact.
6   *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have
7   the burden of proof on an issue at trial, it must affirmatively demonstrate that no
8   reasonable trier of fact could find other than for the moving party. On an issue for which
9   the opposing party will have the burden of proof at trial, however, the moving party need
10  only point out "that there is an absence of evidence to support the nonmoving party's case."
11  *Id.* at 325.

12  Once the moving party meets its initial burden, the nonmoving party must go
13  beyond the pleadings and, by its own affidavits or discovery, set forth specific facts
14  showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(a). The court is only
15  concerned with disputes over material facts and "factual disputes that are irrelevant or
16  unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the
17  district court to scour the record in search of a genuine issue of triable fact. *Keenan v.*
18  *Allan, 91 F.3d 1275, 1279* (9th Cir. 1996). The nonmoving party has the burden of
19  identifying with reasonable particularity the evidence that precludes summary judgment.
20  *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to
21  judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323 (internal quotations
22  omitted).

23  A district court may not grant a motion for summary judgment solely because the
24  opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488,
25  1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court
26  determines that there are no material issues of fact). This is so even if the failure to oppose
27  violates a local rule. *See Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

28

## II. Claims

Plaintiff alleges that defendants Dr. Zahed Ahmed, Chief Medical Officer at Soledad State Prison, and Dr. Joseph Chudy, a former chief administrative officer at Soledad, provided constitutionally inadequate medical care for his injured left knee. The motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal*, 26 F.3d at 1494-95 & n.4 (unopposed motion may be granted only after court determines that there are no material issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), rev'd on other grounds sub nom. *Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

The evidence filed by defendants supports their motion for summary judgment. Dr. Chudy provided no medical treatment as he was not in a position of responsibility with respect to plaintiff's treatment. (Mot. for Summ. J., Chudy Decl. ¶¶ 5-6.) Dr. Ahmed provided ample medical treatment over several appointments. At their first meeting, Ahmed examined plaintiff and diagnosed a severe sprain. He prescribed him pain medication, crutches, a bandage, ice, advised him to elevate the leg at night to reduce swelling, and ordered x-rays. Ahmed examined plaintiff several subsequent times, renewed his pain medication prescriptions, extended the order for a lower bunk, advised plaintiff on proper self-treatment, and asked prison authorities to have plaintiff seen by an orthopedic surgeon. The records also show that plaintiff took his medication, performed his assigned physical therapy exercises, and was able to walk in the yard. (*Id.*, Ahmed Decl. ¶¶ 6-22.) In sum, the evidence shows that Dr. Ahmed was aware of plaintiff's

1 medical needs and adequately addressed them with medical care acceptable under the
2 circumstances.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Toguchi v. Chung*, 391
3 F.3d 1051, 1058-60 (9th Cir. 2004).   As such, the movants' papers are sufficient to support
4 the motion and do not on their face reveal a genuine issue of material fact.  Accordingly,
5 defendants' motion for summary judgment is GRANTED in favor of all defendants as to
6 all claims.

## CONCLUSION

Defendants' motion for summary judgment (Docket No. 13) is GRANTED in favor of all defendants as to all claims.  The Clerk shall enter judgment in favor of Drs. Zahed Ahmed and Dr. Joseph Chudy, terminate Docket No. 13, and close the file.

**IT IS SO ORDERED.**

**Dated:**  July 9, 2013



WILLIAM H. ORRICK
United States District Judge